IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KIMBERLY MCMURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| MORGAN & POTTINGER, P.S.C., and | ) |
| PORTFOLIO RECOVERY | ) |
| ASSOCIATES, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Kimberly McMurray (hereinafter "Plaintiff") is a natural person who resides in Claiborne County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5. Defendant Morgan & Pottinger, P.S.C. (hereinafter "Defendant Morgan & Pottinger") is a for-profit professional services corporation organized in Kentucky that consists of attorneys licensed to practice law in Kentucky, Indiana, Tennessee, Ohio and other states, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and lists its registered agent for service of process as John T. McGarvey, 601 West Main St., Louisville, KY 40202.

6. Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant Portfolio Recovery") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Virginia, that maintains National Registered Agents, Inc., 2300 Hillsboro Road, Ste. 305, Nashville, TN 37212-4927, as its registered agent for service of process.

## FACTUAL ALLEGATIONS

7. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt allegedly originally owed to or serviced by GE Money Bank.

8. After default, Plaintiff's debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

### *Defendant Morgan & Pottinger May 7, 2011 Collection Letter*

9. On or about May 7, 2011, Defendant Morgan & Pottinger sent a collection letter to Plaintiff dated May 7, 2011. *Copy of the May 7, 2011 collection letter filed as Exhibit 1 to this Complaint.*

10. The May 7, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

11. The May 7, 2011 collection letter stated in the reference block:

> **Re:** **Portfolio Recovery Associates, LLC**
> **Vs. KIMBERLY MCMURRAY**
> Claiborne General Sessions Court
> Case No. 11CV3919
> Account No. 7981923431125311
> Amount due as of this date:
>     Principal: $1,862.93
>     Interest: $308.79
>     Attorney Fees: $.00
>     Court Costs: $167.27
>     Total: $2,338.99

**(Bold print and all capital letters in original)**

12. The May 7, 2011 collection letter further stated that: "A civil lawsuit has been filed against you in the above-styled action. Settlement options may be available to satisfy this debt. If this is your intent, please contact our office. We gladly accept Visa and Mastercard for payments over $500.00."

13. Near the bottom of the May 7, 2011 collection letter it stated:

**THIS COMMUNICATION FROM A DEBT COLLECTOR IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

14. The collection lawsuit was dismissed before Plaintiff was deemed to be responsible for interest in the amount of $308.79 or court costs in the amount of $167.27.

15. Since Plaintiff was never held liable by the state court for interest in the amount of $308.79 and courts costs in the amount of $167.27, those charges could not be part of the "Amount due as of this date" as stated in Defendant Morgan & Pottinger's May 7, 2011 collection letter.

16. By stating in the May 7, 2011 collection letter that Plaintiff owed $2,338.99, Defendant Morgan & Pottinger falsely represented the amount of the debt owed to Defendant Portfolio Recovery by adding the interest and court costs in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

17. By attempting to collect the interest and court costs as part of the alleged debt owed to Defendant Portfolio Recovery when such amount was not expressly authorized by the agreement creating the debt or permitted by law, Defendant Morgan & Pottinger violated 15 U.S.C. §§ 1692f and 1692f(1).

### *Collection Service Licensing – Defendant Morgan & Pottinger*

18. The May 7, 2011 collection letter prominently displays the name: "**MORGAN & POTTINGER, P.S.C. ATTORNEYS AT LAW**" at the top middle of the page in all capital letters and bold print, lists an address below the name of: **204 E. Market Street, Louisville, KY 40202**, and lists a telephone number of **502-572-7028** and fax number of **502-560-6800** on the left-side of the page. (all bold and capital letters in original)

19. On Defendant Morgan & Pottinger's webpage, they list twenty-eight (28) attorneys with their firm, only two of which are attorneys currently licensed to practice law in Tennessee: Bradley Scott Salyer (hereinafter referred to as "Mr. Salyer") and Shon T. Leverett (hereinafter referred to as "Mr. Leverett"), a street address of 601 West Main Street, Louisville, KY 40202, a telephone number of 502-589-2780 and fax number of 502-585-3498. See http://www.morganandpottinger.com/CM/Custom/Attorneys.asp.

20. Defendant Morgan & Pottinger is an artificial entity and does not possess a law license in the state of Tennessee.

21. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity. Tenn. Code Ann. § 62-20-102(3). (emphasis added)

22. "Client" means any person who retains the services of a collection service and for such services directly provides the fees, commission or other compensation. Tenn. Code Ann. § 62-20-102(2)

23. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

24. Any person who places an account with a collection service is responsible for determining that the service is licensed as required by this chapter. Tenn. Code Ann. § 62-20-118.

25. Defendant Morgan & Pottinger has not been issued a valid collection service license necessary to legally collect debts in Tennessee.

26. The Tennessee Collection Act provides an exemption from its licensing requirements for attorneys at law. Tenn. Code. Ann. § 62-20-103(a)(2).

27. The exemption from the licensing requirements for attorneys at law is not a "per se" exemption, with the Tennessee Attorney General interpreting the exemption for attorneys

5
Case 3:12-cv-00222-RLJ-HBG   Document 1   Filed 05/07/12   Page 5 of 9   PageID #: 5

as being "**applicable only to those attorneys who seek to collect the debts owing to their clients who have retained them for their services as attorneys**." C*opy of Tennessee Attorney General ("TAG") Opinion No. 00-105 filed as Exhibit 2 to this Complaint.*

28. Neither Mr. Salyer nor Mr. Everett was retained individually for their services as attorneys to collect the debt allegedly owed to Defendant Portfolio Recovery and neither signed the May 7, 2011 collection letter.

29. There is no exemption allowed Defendant Morgan & Pottinger under the Tennessee Collection Service Act, and Defendant Portfolio Recovery could only have hired Defendant Morgan & Pottinger as a collection service and not for their services as attorneys to collect the debt from Plaintiff, a consumer in Tennessee.

30. Defendant Portfolio Recovery failed to determine that Defendant Morgan & Pottinger was licensed as a collection service as required by the Tennessee Collection Service Act prior to placing Plaintiff's account with them for collection.

31. By attempting to collect the debt from Plaintiff at a time when Defendant Morgan & Pottinger was not licensed as a collection service by the Tennessee Collection Service Board, Defendant Morgan & Pottinger violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

32. The failure of Defendant Morgan & Pottinger to become licensed by the Tennessee Collection Service Board when they could have only been hired as a collection service and not for its services as an attorney would mislead the least sophisticated consumer by suggesting that Defendant Morgan & Pottinger had state approval to legally attempt to

collect debts in Tennessee without being licensed as a collection service, in violation of 15 U.S.C. §§ 1692e, 1692e(1), and 1692e(10).

### *Summary*

33. The above-detailed conduct by Defendants in connection with collection of the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### *Respondeat Superior Liability*

34. In addition to their individual liability under the FDCPA, the acts and omissions of Defendant Morgan & Pottinger as an agent for Defendant Portfolio Recovery and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Portfolio Recovery.

35. The acts and omissions by Defendant Morgan & Pottinger were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant Portfolio Recovery in collecting consumer debts.

36. By committing these acts and omissions against Plaintiff, Defendant Morgan & Pottinger were motivated to benefit their principal, Defendant Portfolio Recovery.

37. Defendant Portfolio Recovery is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Portfolio Recovery including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

7
Case 3:12-cv-00222-RLJ-HBG   Document 1   Filed 05/07/12   Page 7 of 9   PageID #: 7

**TRIAL BY JURY**

38. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692 *et seq.***

39. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

40. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

41. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

05/07/12                            Respectfully submitted,

                                    **KIMBERLY MCMURRAY**


                                    /s/      Alan C. Lee
                                    Alan C. Lee, Esq., BPR # 012700
                                    Attorney for Plaintiff
                                    P. O. Box 1357
                                    Talbott, TN 37877-1357
                                    (423) 736-0201
                                    info@alanlee.com